UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUTHER SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. H-08-1725 |
| MERSCORP, INC., MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | United States District Judge |
| SYSTEM, INC., MORTGAGEIT, INC., | § | |
| MORTGAGIT, INC., OPTION ONE | § | Gray  H. Miller |
| MORTGAGE CORPORATION, | § | |
| ADEKUNLE DISU, HUGHES, | § | United States Magistrate Judge |
| WATTERS & ASKANASE, L.L.P., | § | |
| UNKNOWN OWNERS OF THE | § | Nancy K. Johnson |
| EVIDENCE OF THE DEBT and/or | § | |
| OWNERS OF THE NOTE, | § | |
| | § | |
| Defendants. | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUTHER SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CAUSE NO. H-09-298 |
| v. | § | |
| | § | |
| ARCH BAY HOLDINGS, LLC – SERIES | § | United States District Judge |
| 2008B; ARCH BAY HOLDINGS, LLC; | § | |
| ARCH BAY HOLDINGS, LLC – SERIES | § | |
| 2008B BY ITS ATTORNEY-IN-FACT | § | Vanessa D. Gilmore |
| AND SERVICER-IN-FACT, MARIX | § | |
| SERVICING LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE

Defendants, Option One Mortgage Corporation, Arch Bay Holdings, LLC –Series 2008B; Arch Bay Holdings, LLC, and Arch Bay Holdings, LLC –Series 2008B by its Attorney-in-Fact and Servicer-in-Fact Marix Servicing, LLC, move for an order consolidating Civil Action No. H-09-298 with Civil Action No. H-08-1725, merging the cases into one lawsuit under Civil Action No. H-08-1725.

Introduction

1.       Plaintiff is Luther Sparks ("Sparks"); Movant Defendants are Option One Mortgage Corporation ("Option One"), Arch Bay Holdings, LLC –Series 2008B ("Arch Bay 2008B"); Arch Bay Holdings, LLC ("Arch Bay"), and Arch Bay Holdings, LLC –Series 2008B by its Attorney-in-Fact and Servicer-in-Fact Marix Servicing, LLC ("Marix") (collectively "Movant Defendants").

2.       The two lawsuits at issue are virtually identical suits pending including substantially the same claims and interested parties, those being H-08-1725 ("The First Lawsuit") and H-09-298 ("The Second Lawsuit").

3.       In The First Lawsuit, Sparks, sued Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., MortgageIT, Inc., MortgagIT, Inc., Option One, Adekunle Disu, Hughes, Watters & Askanase, LLP, and Unknown Owners of the Evidence of the Debt and/or Owners of the Note alleging the following causes of action regarding Loan No. 40366205 (the "Loan") and rights in the property located at 8102 Rondo Court, Houston, Texas 77040 (the "Property"): 1) suit to quiet title in the Property, i.e. have the Deed of Trust associated with the Loan declared invalid; 2) TILA Rescission of the Loan; 3) TILA Damages regarding Option One's servicing of the Loan; 4) breach of contract based on the Loan; 4) breach of fiduciary duty regarding the MERS entities' assignments of the Loan; 5) RESPA Kickback regarding

origination of the Loan; 6) RESPA Unearned Charges regarding the origination of the Loan; 7) RESPA Servicing regarding Option One's responding to an alleged qualified written request regarding the Loan; 8) Fair Debt Collection Act against Hughes Watters & Askanase, LLP regarding debt collection on the Loan; and 9) nuisance against Hughes, Watters & Askanase, LLP regarding debt collection of the Loan.

4.      In the First Lawsuit, the Court granted Option One' 12(b)(6) Motion to Dismiss and dismissed Sparks' claims for TILA Rescission, TILA Damages, RESPA Kickback, and RESPA Unearned Charges against all Defendants.

5.      In The Second Lawsuit, Sparks, sued Arch Bay 2008B, Arch Bay, and Marix alleging the following causes of action: 1) suit to quiet title in the Property, i.e. have the Deed of Trust associated with the Loan declared invalid; 2) TILA Rescission of the Loan; 3) TILA Damages regarding Option One's servicing of the Loan; 4) wrongful foreclosure based on the attempted foreclosure of the Loan; and 5) nuisance based on the alleged foreclosure of the Loan. Despite not including direct claims against the other Defendants named in the First Lawsuit, Plaintiff includes allegations regarding Merscorp, Inc., Mortgage Electronic Registration Systems, Inc., MortgageIT, Inc., MortgagIT, Inc., and Option One throughout the "Factual Allegations" section of the Complaint in the Second Lawsuit.

6.      Defendants Arch Bay 2008B, Arch Bay, and Marix have filed a 12(b)(6) Motion to Dismiss Sparks' TILA Rescission, TILA damages, wrongful foreclosure, and nuisance claims in the Second Lawsuit.

7.      The facts, parties and claims for relief in both cases are similar and substantially related, in that both the First and Second Lawsuits involve the Loan and both involve factual allegations against overlapping Defendants in both lawsuits.

8.      Movant Defendants ask the Court to consolidate the suits.   This Motion is unopposed by all respondents.

Argument

9.      A court may consolidate lawsuits if the suits relate to substantially the same subject matter and if consolidation does not result in delay, jury confusion, or prejudice to the parties.   *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-96 & n.6 (11th Cir. 1985).

10.      The First and Second Lawsuits are substantially the same because: (1) the facts that provide the basis for both suits arise out of the same events and transactions; (2) both lawsuits concern the same Loan and Property; (3) the suit to quiet title, TILA Rescission, and TILA Damages Claims in both lawsuits are virtually identical; and (4) the underlying facts alleged that constitute the foundation of Sparks' claims are essentially the same.   Copies of the Complaints in The First Lawsuit and The Second Lawsuit are attached as Exhibits No. 1 and No. 2, respectively.

11.      The suits proposed to be consolidated are pending before this Court.   *See* FED. R. CIV. P. 42(a).   Both suits were filed in the United States District Court for the Southern District of Texas, Houston Division.

12.      Permitting the two lawsuits to proceed separately would result in the risk of prejudice and confusion, the unnecessary expense of the Court's time, and the unnecessary expense of the parties in trying two virtually identical matters concurrently.

13.      The Court should consolidate The Second Lawsuit with The First Lawsuit, for the following reasons:

a.    The proceedings involve common parties. *See Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). Specifically, Sparks is the Plaintiff in both lawsuits, and there are factual allegations against nearly of the Defendants in the First Lawsuit, except Hughes, Watters, & Askanase, LLP, in the Second Lawsuit. The rights of Arch Bay 2008B as current holder of the Loan are implicated in the First Lawsuit through the suit to quiet title.

b.    The proceedings involve common issues of law. *See Young v. City of Augusta*, 59 F.3d 1160, 1168-69 (11th Cir. 1995). The causes of action alleged in The First Lawsuit regarding violations of TILA and suit to quiet title are virtually identical to those raised in The Second Lawsuit. The suits to quiet title have identical issues in both lawsuits because both concern the same Loan and rights in the same Property.

c.    The proceedings involve common issues of fact. *See Mary Ellen Enters. v. Camex, Inc.*, 68 F.3d 1065, 1073 (8th Cir. 1995). The events and documents that provide the foundation for the causes of action in both The First Lawsuit and The Second Lawsuit are virtually identical. Each suit is based on the purported actions of Defendants with respect to the origination, servicing, and ownership of the Loan and rights in the same Property.

d.    Consolidation will eliminate any risk of prejudice or confusion. If such a risk exists, it is outweighed by the risk of inconsistent adjudication of

common factual and legal issues. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

e.    Consolidation will not result in an unfair advantage. *Id.*

f.    Consolidation will conserve judicial resources. *Id.*; *Hendrix*, 776 F.2d at 1497.

g.    Consolidation will reduce the time and expense of trying the actions separately. *Cantrell*, 999 F.2d at 1011; *Hendrix*, 776 F.2d at 1495. As mentioned above, the lawsuits are virtually identical. The facts relied upon and the causes of action alleged are the same. Consolidation of the two cases will conserve judicial resources by eliminating the need for two trials over the same issues and facts. Furthermore, consolidation will ensure that the Court will not reach inconsistent results in cases involving identical facts and claims. In addition, consolidation will reduce the time and expense of trying the cases separately.

Conclusion

The First Lawsuit and The Second Lawsuit are substantially similar. Each suit involves common parties, causes of action, and factual bases.

Consolidation of the two suits will eliminate any risk of inconsistent adjudication of the same legal and factual issues. Further, consolidation will conserve judicial resources as well as the time and expense of trying the actions separately.

For these reasons, Movant Defendants ask the Court to consolidate Civil Action No. H-09-298 with Civil Action No. H-08-1725 and to order the clerk of the Court to merge the cases into one lawsuit under Civil Action No. H-08-1725.

Respectfully submitted,

J. Garth Fennegan
Attorney in Charge
Texas Bar No. 24004642
gfennegan@settlepou.com
J. Allen Smith
Texas Bar No. 18616900
asmith@settlepou.com

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR OPTION ONE
MORTGAGE CORPORATION NOW
KNOWN AS SAND CANYON
CORPORATION, ARCH BAY
HOLDINGS, LLC –SERIES 2008B; ARCH
BAY HOLDINGS, LLC, AND ARCH BAY
HOLDINGS, LLC –SERIES 2008B BY ITS
ATTORNEY-IN-FACT AND SERVICER-
IN-FACT MARIX SERVICING, LLC

### Certificate of Conference

Counsel for movant has conferred with counsel for all respondents in both Cause No. H-08-1725 and H-09-298 and all respondents are unopposed to this Motion to Consolidate.

J. Garth Fennegan

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on April 9, 2009, by the manner indicated upon the following persons:

Via CM/RRR No. 7160 3901 9848 0259 2530
Luther Sparks, *Pro Se*
8102 Rondo Court
Houston, Texas 77040

Via CM/RRR No. 7160 3901 9848 0259 2547
S. David Smith, Esq.
McGlichey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Attorney for Mortgageit, Inc. and Mortgagit, Inc.

Via CM/RRR No. 7160 3901 9848 0259 2554
C. Ed Harrell, Esq.
Hughes Watters Askanase, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Attorney for Merscorp, Inc.

Via CM/RRR No. 7160 3901 9848 0259 2561
Lindsay L. Lambert, Esq.
Hughes Watters Askanase, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Attorney for Hughes Watters Askanase, L.L.P.

J. Garth Fennegan

P:\LITIGATE\08\4557\Motion to Consolidate.doc